IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG,  )
                                                            )
         Plaintiff,                      )   No. C 09-02391 JW (PR)
                                                            )
  vs.                                    )   ORDER OF DISMISSAL
                                                             )
SUSAN HUBBARD, et al.,         )
                                                             )
        Defendant(s).              )
_____ )

Plaintiff, an California inmate at Folsom State Prison in Represa, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff had filed a previous action which was dismissed for failure to exhaust. See Isgrigg v. CDC, No. C 06-07618 JW (PR). Plaintiff was directed to refile his claims after all available administrative remedies had been exhausted. The instant complaint is Plaintiff's attempt to do so. However, the Court must dismiss the complaint as plaintiff has clearly failed to properly exhaust his administrative remedies.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Isgrigg02391_dism-exh.wpd

1  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison,
2  or other correctional facility until such administrative remedies as are available are
3  exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement under § 1997e(a) is
4  mandatory and not merely directory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).
5  All available remedies must be exhausted; those remedies "need not meet federal
6  standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).
7  The obligation to exhaust persists as long as some remedy is available; when that is
8  no longer the case, the prisoner need not further pursue the grievance.  Brown v.
9  Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  A prisoner need not exhaust further
10 levels of review once he has either received all the remedies that are "available" at
11 an intermediate level of review, or has been reliably informed by an administrator
12 that no more remedies are available.  Id. at 935.

13      Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life,
14 whether such actions involve general conditions or particular episodes, and whether
15 they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  Because
16 exhaustion under § 1997e(a) is an affirmative defense, a complaint may be
17 dismissed for failure to exhaust only if failure to exhaust is obvious from the face of
18 the complaint and/or any attached exhibits.  See Wyatt v. Terhune, 315 F.3d 1108,
19 1119-20 (9th Cir. 2003).

20      Here, it is obvious from the face of the complaint that plaintiff has not
21 exhausted his administrative remedies.  (Compl. 2.)  Plaintiff states that he did not
22 pursue informal appeal and that he "attempted [to] but was time bar[r]ed...."
23 Plaintiff indicates that he "[e]xplained in a reason[a]ble [diligence] for it and asked
24 for late filing."  (Id.)  Plaintiff did not pursue review at any higher levels thereafter.
25 Section 1997e(a) requires that plaintiff present his claims to each level of
26 administrative review set forth above before raising those claims in a § 1983
27 complaint in federal court.  Furthermore, the PLRA's exhaustion requirement cannot
28 be satisfied "by filing an untimely or otherwise procedurally defective

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Isgrigg02391_dism-exh.wpd          2

administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 84 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted).

As it is clear from the complaint that plaintiff has not properly exhausted his administrative remedies and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate. Accordingly, this action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim after all available administrative remedies have been exhausted.

DATED: August 13, 2009

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Isgrigg02391_dism-exh.wpd          3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG,

        Plaintiff,

  v.

SUSAN HUBBARD, et al.,

        Defendants.

Case Number: CV09-02391 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/14/2009 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Lawrence Isgrigg K-78618
CSP New Folsom
P. O. Box 290066
Represa, Ca 95671–0066

Dated:  8/14/2009

        Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk